UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW T. HINCKLEY, ) | |
| ) | NO.  CV-06-3067-MWL |
| Plaintiff, ) | |
| ) | ORDER GRANTING MOTION TO |
| -vs- ) | WITHDRAW AS ATTORNEY OF |
| ) | RECORD |
| THURSTON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

    Before the Court is a motion for leave to withdraw by counsel of record for Plaintiff.  (Ct. Rec. 39).  Wm. Michael Hanbey seeks to withdraw as retained counsel for Plaintiff, Andrew T. Hinckley, for Plaintiff's failure to remain in communication with counsel and failure to appear at scheduled appointments.  (Ct. Rec. 39).  On April 9, 2007, the Court received correspondence from Plaintiff requesting that Mr. Hanbey not be allowed to withdraw from the case.  On April 10, 2007, Defendants filed alternative motions to dismiss or to amend the case schedule.  (Ct. Rec. 41).

///

ORDER - 1

## BACKGROUND

On September 28, 2006, the parties consented to proceed before a magistrate judge. (Ct. Rec. 31). On November 7, 2006, the Court entered a scheduling order after having reviewed the file and discussed the adoption of a scheduling order with counsel. (Ct. Rec. 35). On March 26, 2007, the parties filed a stipulated motion to amend the litigation schedule. (Ct. Rec. 36). The stipulated motion for an amended case schedule was granted by the Court on March 29, 2007. (Ct. Rec. 38). A four-day bench trial is scheduled in this matter for August 20, 2007, in Yakima, Washington.

### Break Down Of Attorney-Client Relationship

Mr. Hanbey indicates that it has become necessary for him to withdraw as counsel of record for Plaintiff due to Plaintiff's failure to adequately communicate with him. (Ct. Rec. 39). According to Mr. Hanbey, Plaintiff has been difficult to contact by phone or in person since November of 2006. (Ct. Rec. 39, p. 2). Mr. Hanbey indicates that there was ongoing difficulty with contacting Plaintiff and when Plaintiff did respond and indicate he would meet with counsel, Plaintiff failed to appear. (Ct. Rec. 39, p. 3). As a result of this lack of adequate communication, Mr. Hanbey sent a letter to Plaintiff on March 30, 2007, informing him that he was going to move to withdraw from his representation. (Ct. Rec. 39, p. 3).

///
///

ORDER - 2

Plaintiff's letter and attachments sent to the Court indicate that he does not want Mr. Hanbey to withdraw as his counsel. Plaintiff's letter and notations allege that Mr. Hanbey is not being truthful in his pleadings in support of his motion to withdraw. Plaintiff's correspondence also explains why he failed to appear at scheduled appointments.

## **DISCUSSION**

A motion for leave to withdraw must demonstrate good cause for the withdrawal. LR 83.2(d)(5). This Court's Local Rule 83.2(d) addresses attorney withdrawal and provides, in pertinent part, that the authority and duty of the attorney of record shall continue until withdrawal is approved by the Court or there is a substitution of counsel, and no attorney shall withdraw his or her appearance in any cause without leave of the Court, and only after notice is served on his client and opposing counsel. LR 83.2(d)(4) & (5). Moreover, when an attorney having appeared in a cause withdraws, a party for whom he or she was acting as attorney must, before any further proceedings are had in the action on that party's behalf, appoint another attorney or file a statement of appearance pro se. LR 83.2(d)(3).

Here, Mr. Hanbey contends good cause exits to withdraw because productive communication with Plaintiff is difficult at best. (Ct. Rec. 39). Mr. Hanbey argues that Plaintiff has failed to cooperate

///

///

ORDER - 3

with his requests to appear and to provide his office with adequate and current contact information. (*Id.*)  Therefore, Mr. Hanbey alleges he can no longer effectively represent Plaintiff. (*Id.*)

Plaintiff's correspondence relates that he believes Mr. Hanbey is not truthful and is attempting to "cover up" issues.  Plaintiff agrees that he did not receive notice of an earlier scheduled appointment because Mr. Hanbey's letter was sent to the wrong address.  It is thus apparent that Plaintiff did not keep Mr. Hanbey apprised of current contact information.  Plaintiff explains in his letter why he did not appear at a later scheduled appointment ("under heavy medications"), but does not provide a basis for why he did not contact Mr. Hanbey prior to not appearing.

Mr. Hanbey has taken reasonable steps to avoid foreseeable prejudice to the Plaintiff's rights, including giving notice to Plaintiff that he was seeking to withdraw, notifying Plaintiff of the need to obtain new counsel, and indicating he would cooperate with substitute counsel and provide his case file to that individual. (Ct. Rec. 39, Exh. B, p. 2).

The Court finds that Plaintiff's failure to communicate with counsel warrants withdrawal under LR 83.2(d).  It is apparent from Mr. Hanbey's motion and the correspondence sent by Plaintiff to the Court that there has been a breakdown in the attorney-client relationship. The Court finds that Mr. Hanbey shall provide Plaintiff with all

///

ORDER - 4

papers and property pertaining to this action.  Mr. Hanbey must also serve on Plaintiff a copy of this order granting his motion to withdraw and file a proof of such service with this Court.

As noted above, Local Rule 83.2(d) holds that when an attorney withdraws, a party for whom he was acting as attorney, must obtain another attorney or file a statement of appearance pro se.  LR 83.2(d)(3).  Accordingly, upon withdrawal, Plaintiff must expeditiously secure substitute counsel or file a statement of appearance pro se.

### CONCLUSION AND ORDER

For the reasons discussed above, the Court **HEREBY ORDERS** as follows:

1. Mr. Hanbey's motion to withdraw as counsel of record for Plaintiff (**Ct. Rec. 39**) is **GRANTED**;

2. Mr. Hanbey is **ORDERED** to provide Plaintiff the files he has accumulated which pertain to this action;

3. Mr. Hanbey is further **ORDERED** to serve a copy of this order upon Plaintiff and to file a proof of such service with the Court;

4. Within **thirty (30) days** from the date of this order, Plaintiff shall have newly retained counsel file a substitution of attorney form or Plaintiff shall file a statement of appearance pro se.  This Court shall thereafter set a telephonic scheduling conference to address the status of this case and to set new dates.

///

ORDER - 5

    5.   All pending litigation deadlines are **HEREBY HELD IN ABEYANCE** until Plaintiff retains substitute counsel or files a statement of appearance pro se.

    6.   Based on the Court's order holding the litigation schedule in abeyance, Defendants' motion to dismiss or for amended case schedule (**Ct. Rec. 41**) is **DENIED without prejudice**.

    **IT IS SO ORDERED.** The District Court Executive shall file this order and provide a copy to counsel for Plaintiff and Defendants.

    DATED this ___12th___ day of April, 2007.

                                              s/Michael W. Leavitt
                                                   MICHAEL W. LEAVITT
                                      UNITED STATES MAGISTRATE JUDGE